UNITED STATES DISTRICT COURT    NORTHERN DISTRICT OF NEW YORK

---

JOHN PIRAINO,II, individually and d/b/a
Big Wheels Auto
        Plaintiff

    against

COUNTY OF ONONDAGA, COUNTY OF ONONDAGA SHERIFF'S DEPARTMENT, EUGENE J. CONWAY, Sheriff .Individually and in his official capacity and SGT. AMY BOLLINGER, Individually and in her official capacity
        Defendants

CASE NO: 5:21-cv-00824 (GLS/ATB)

VERIFIED COMPLAINT

---

Plaintiff by his attorneys, Hoffmann, Hubert & Hoffmann, LLP, Terrance J. Hoffmann, Esq., of counsel, as and for his Verified Complaint against the Defendants, alleges as follows:

## NATURE OF CLAIMS

1. At all times hereinafter mentioned, Plaintiff was and still is the co-owner of an automobile dealership known as Big Wheels Auto, doing business in the State of New York and more particularly within the jurisdiction of the Federal Court of the Northern District

2. At the time of the incident hereinafter described, Plaintiff's automobile dealership was properly registered in the State of New York, properly insured and having been issued two "dealer plates" by the New York State Department of Motor Vehicles to be used in connection with the operation of Plaintiff's automobile dealership business. One plate (Number 7122143) was given to Plaintiff's business partner, Joshua Ciccarelli.

3. That on the 25th day of July 2020 between the hours of 9:00 and 10:00 p.m. on Buckley Road in the Town of Clay, Plaintiff was driving a Cadillac Escalade vehicle in the course of his business with a valid dealer plate, number 7122142. The vehicle was properly insured by Lancer Insurance Company under policy number GD617095-3. At the time, the said vehicle was owned by the Plaintiff, d/b/a Big Wheels Auto.

4. At the above time, date and place, Defendant Bollinger made a traffic stop of the Plaintiff while Plaintiff was operating the above-described vehicle with the above described dealer plate affixed to said vehicle. Plaintiff was operating said vehicle with the said dealer plate in the scope of Plaintiff's business.

5. At the time of the traffic stop, Plaintiff held a New York State Driver's license which had been suspended as a result of failure to pay a fine in the State of Florida. However, Plaintiff had paid the fine on the 28th day of January 2020 through the Clerk of Court of Volusia, Florida. Due to the COVID-19 pandemic there was a delay in forwarding the information to New York State Department of Motor Vehicles that the Court requirements in Florida were met prior to July 25, 2020. However, Plaintiff had received an e-mail from the Clerk's Office confirming that the Court requirements were met in Florida to qualify the Plaintiff for reinstatement of his New York State license prior to July 25, 2020. Plaintiff had placed the e-mail (sent on January 27, 2020) in the glove compartment of the vehicle he was operating at the time of the stop, but the e-mail was missing when the Plaintiff was finally able to reclaim the impounded vehicle.

6. Plaintiff had a previous encounter with Defendant Bollinger about 15 years earlier when the said Defendant issued Plaintiff multiple traffic citations, most of which were dismissed.

7. When Defendant Bollinger stopped the Plaintiff, he explained the circumstances and the status of the suspension of Plaintiff's New York driver's license. However. Defendant Bollinger, after making the subject traffic stop, charged the Plaintiff with imprudent speed and AUO, 3rd. The AUO 3rd charge was reduced to a violation of Vehicle and Traffic Law §1201(a) and the imprudent speed charge was dismissed. At the time, date and place of the subject incident, Defendant Bollinger illegally and unconstitutionally searched Plaintiff's vehicle, removed and confiscated Plaintiff's valid dealer plate.

8. Plaintiff was never charged in this matter with the misuse of a dealer plate. In fact, Plaintiff was not misusing his dealer plate in the above described incident.

9. Shortly after the incident, Plaintiff demanded the return of his valid dealer plates, which were at the time in the possession of Defendant Bollinger and/or the Onondaga County Sheriff, Defendant Eugene J. Conway. Despite several demands for the return of the Plaintiff's dealer plates in August and September 2020, the plates were illegally kept in the possession of the Defendants until they were, upon information and belief, unlawfully turned into the New York State Department of Motor Vehicles in the latter part of October 2020.

10. The Defendant Conway was made aware that Defendant Bollinger illegally and unconstitutionally confiscated and retained Plaintiff's valid dealer plate before they were turned into the Department of Motor Vehicles, at his direction and/or consent, and that Plaintiff had demanded the return of the illegally confiscated dealer plate. Yet, said Defendant ratified and approved of the unlawful and unconstitutional seizure.

## JURISDICTION AND VENUE

11. This action is being brought pursuant to 42 U.S.C. 1983, 1985 1986 and 1988, Fifth and Fourteenth Amendments of the United States Constitution.

12. Jurisdiction is founded on 28 U.S.C. 1331 and 1343 (1), ( 2) , (3) and (4).

13. Venue properly lies with this Court pursuant to 28 U.S.C. §1391(b) because the events giving rise to Plaintiff's claims occurred in the Northern District of New York.

14. This Court has pendent jurisdiction over Plaintiff's State related causes of action pursuant to 28 U. S.C. §1367(a).

## PARTIES

15. Plaintiff, John Piraino, II, resides at 1088 County Route 10, Pennellville, New York 13132 and his business, Big Wheels Auto is located at 8912 Brewerton Road, Brewerton, New York 13029.

16. Defendant County of Onondaga is a duly constituted political subdivision of the State of New York organized and existing in the County of Onondaga and within the jurisdiction of the United States Federal Court for the Northern District of New York.

17. Defendant, County of Onondaga Sheriff's Department is a duly constituted department under the control of the County of Onondaga.

18. At the time of events herein above described, Defendant, Eugene J. Conway, was and still is the Sheriff of Onondaga County, New York.

19. At the time of the events herein above described, Defendant Sgt. Amy Bollinger was and still is a Deputy Sheriff in the Onondaga County Sheriff's Department.

## GENERAL ALLEGATIONS

20. That the individual Defendants are being sued in their individual and official capacities.

21. A Notice of Claim was duly served on the County of Onondaga and the Onondaga County Sheriff's Department on October 21, 2021, within 90 days of the underlying incident when the Plaintiff's property was illegally seized and more than 30 days have passed since said service and commencement of this action, and the County has failed to settle and compromise Plaintiff's claim.

22. Upon information and belief, the Defendant County of Onondaga has assumed responsibility for the actions of Deputy Sheriffs in their official and individual capacities in the scope of their employment and/or have agreed to indemnity Deputy Sheriffs for damages resulting in claims filed by third parties while acting under color of State law. Therefore, the County of Onondaga has assumed vicarious liability for the acts of Deputy Sheriffs and/or assumed liability for damages assessed against Deputy Sheriffs acting under color of State law in their official and/or individual capacities.

23. The actions of the Defendants Bollinger and Conway, described above, were conducted under Color of State Law in a wilful disregard of the rights of the Plaintiff to be free from having his personal property unlawfully seized and in wilful disregard of the rights of the Plaintiff to be free from such unlawful seizure guaranteed to the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

**FOR A FIRST CLAIM OF RELIEF AGAINST DEFENDANTS
EUGENE J. CONWAY AND SGT AMY BOLLINGER, PLAINTIFF ALLEGES:**

24. Plaintiff hereby incorporates by reference each and every allegation in paragraphs "1" through "23" as if they were specifically set forth herein

25. The conduct of the Defendant Bollinger in unlawfully searching Plaintiff's vehicle and seizing Plaintiff's dealer plate constituted a violation against Plaintiff's right to be free from unreasonable search and seizure of his personal property, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

26. Defendant Conway, by condoning and ratifying the unconstitutional search and seizure by Defendant Bollinger, as well as his personal involvement of refusing to authorize the return of Plaintiff's dealer plates to the Plaintiff, as well as his personal involvement in authorizing and/or directing Plaintiff's unlawfully seized personal property be given to the New York State Department of Motor Vehicles renders the said Defendant personally liable, as an active participant in the said constitutional violation.

27. This cause of action is presented and authorized pursuant to 42 U.S.C §1983.

28. As a result of Defendants' violation of Plaintiff's Federal constitutional right, Plaintiff suffered significant economic damages, as well as significant mental pain and anguish.

29. Plaintiff has retained private counsel to pursue his Federal Constitution violation claims and is therefore entitled to compensation for reasonable and necessary

attorney's fees incurred in connection with the prosecution of this claim pursuant to 42 U.S.C. §1988.

30. Plaintiff seeks damages for said unlawful seizure in an amount within the jurisdictional limits of this Court, together with attorney's fees as authorized by law.

31. The conduct of Defendants Conway and Bollinger in wilfully violating Plaintiff's Federal Constitutional rights and/or their reckless disregard for Plaintiff's Federal Constitutional rights entitles the Plaintiff to punitive or exemplary damages in an amount to be determined by the Court.

32. Plaintiff has no adequate remedy at law.

**FOR A SECOND CLAIM FOR RELIEF AGAINST DEFENDANT, EUGENE J. CONWAY IN HIS INDIVIDUAL CAPACITY, PLAINTIFF ALLEGES:**

33. Plaintiff hereby incorporates by reference each and every allegation in paragraphs "1" through "23" as if they were specifically set forth herein.

34. Defendant Conway knew or should have known of Defendant Bollinger's propensities to violate the civil rights of citizens in her capacity as a Deputy Sheriff.

35. Defendant Conway negligently failed to properly train, supervise, instruct, and/or retain Defendant Bollinger prior to July 25, 2020.

36. That as a result of said Defendant Conway's negligence, Plaintiff's vehicle was illegally searched and Plaintiff's personal property was illegally seized and retained and Plaintiff suffered economic damages to his business, as well as mental pain and anguish.

37. The conduct of Defendant Conway's negligence entitles the Plaintiff to punitive or exemplary damages in an amount to be determined by the Court.

38. Plaintiff has no adequate remedy at law

**WHEREFORE,** Plaintiff seeks the following relief:

A. Declaratory judgment on Plaintiff's First Claim for Relief that the Defendants Conway and Bollinger violated Plaintiff's rights right to be free from unreasonable seizure of his personal property, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

B. That Plaintiff recover compensatory damages for said Constitutional violation in an amount not to exceed One Hundred Fifty Thousand Dollars ($150,000.00)

C. That Plaintiff be awarded punitive damages against the individual Defendants in an amount to be determined by a Jury.

D. Plaintiff demands judgment against Defendant, Eugene Conway, in his individual capacity in the amount of Twenty-five Thousand Dollars ($25,000.00) on his Second, Cause of Action, and for such other and further relief which to the Court is just and proper, including punitive damages, interest and attorneys' fees and costs as may be recoverable by law.

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a trial by Jury

Dated: July 19, 2021

        Respectfully Submitted,

        HOFFMANN, HUBERT & HOFFMANN, LLP

        */s/ Terrance J. Hoffmann*
        Terrance J. Hoffmann, Esq.,
        Federal Bar Roll No.: 103770
        Attorneys for Plaintiff
        Office and P. O. Address
        4629 Onondaga Boulevard
        Syracuse, NY 13219
        E-mail: tjhoffmann@cnymail.com

## VERIFICATION

STATE OF NEW YORK   )
COUNTY OF ONONDAGA) SS.:

I, JOHN PIRAINO, II, being duly sworn, deposes and says that I am the Plaintiff in the within action and have read the foregoing "Complaint" and know the contents thereof, that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe it to be true.

_____
John Piraino, II, individually
and d/b/a Big Wheels Auto

Sworn to before me this
19 day of July  2021

_____
Notary Public

TERRANCE J. HOFFMANN
Notary Public, State of New York
Qualified in Onondaga County
No. 02HO5026940
Commission Expires: April 25, 2022